[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on January 22, 1988 in New York, New York. There is one minor child issue of this marriage to wit: Brandon Aviram born February 6, CT Page 1562 1989.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the major issues in this case is that of the custody of the minor child. Each parent seeks sole custody, although the defendant husband would be agreeable to joint custody. Both the Family Relations Counselor who conducted the court ordered study and the attorney for the minor child recommend that sole custody be awarded to the plaintiff wife.
After a thorough review of all the evidence presented to the court and careful consideration of what is in the best interests of the minor child, the following order shall enter:
The plaintiff wife shall have sole custody of the minor child subject to visitation with the plaintiff husband as follows:
(A) Every other weekend commencing on Friday at 3:00 p. m. and ending on Sunday at 6:00 p. m. The first such weekend visitation shall commence on Friday, March 1, 1991.
(B) Every Wednesday from 3:00 p. m. to 7:00 p. m.
(C) Major holidays shall be spent as follows:
(1) Easter Sunday shall be with the plaintiff wife. If Easter Sunday shall fall on a weekend on which the defendant husband has weekend visitation then such visitation shall end on Saturday at 6:00 p. m. rather than Sunday at 6:00 p. m.
(2) The first night of Passover shall be with the defendant husband from 3:00 p. m. to 7:00 p. m.
(3) Mother's Day shall be with the plaintiff wife. If Mother's Day shall fall on a weekend when the defendant husband has weekend visitation then such visitation shall end on Sunday at 10:00 a.m. rather than 6:00 p. m.
(4) Memorial Day, Labor Day and Presidents' Day shall be with the parent with whom the child is spending the Sunday before. If such holidays shall fall on a Monday following a weekend on which the defendant husband has visitation then such visitation shall end on Monday at 6:00 p. m. rather than Sunday at 6:00 p. m.
(5) Father's Day shall be with the defendant husband from 10:00 a.m. until 6:00 p. m.
(6) The first day of Rosh Hashanah shall be with the CT Page 1563 defendant husband from 10:00 a.m. to 7:00 p. m.
(7) Yom Kippur Day shall be with the defendant husband from 10:00 a.m. 7:00 p. m.
(8) Thanksgiving Day shall be alternated commencing with Thanksgiving 1991 being with the plaintiff wife.
(9) The first night of Hannukkah shall be with the defendant husband from 3:00 p. m. to 7:00 p. m.
(10) Christmas Eve and Christmas Day shall always be with the plaintiff wife and if such holidays shall fall at a time at which the defendant husband shall have scheduled visitation then such visitation by the defendant husband shall not take place.
(11) The child shall spend his birthday with the parent with whom he is scheduled to be with pursuant to the visitation schedule, provided, however, that the other parent shall have at least two hours with the child to help celebrate the birthday.
(D) The defendant husband shall have two non-consecutive one week periods with the minor child during the summer months commencing with the summer of 1992, provided he gives the plaintiff wife 60 days prior notice of the dates he has selected.
(E) Such other and further times as the parties mutually agree.
(F) Each party shall have reasonable telephone contact with the child when he is with the other party.
(G) The defendant husband shall not remove the minor child outside the State of Connecticut without giving the plaintiff wife 72 hours prior notice of where they will be and how they can be reached at that location.
(H) The defendant husband may not remove the minor child from the United States without the express permission of the plaintiff wife or of this court.
The defendant husband shall, of course, pursuant to 46b-56
(e) of the Connecticut General Statutes, have access to all of the child's academic, medical, hospital and other health records.
In addition, the court has taken into consideration all of the criteria contained in 46b-81, 46b-82, 46b-84 and 46b-82 of the Connecticut General Statutes and further orders as follows: CT Page 1564
1. The defendant husband shall pay to the plaintiff wife the sum of $50.00 per week for the support of the minor child, until such child reaches the age of majority or is sooner emancipated. This order shall be payable by way of an immediate wage withholding. This order is not based on the defendant husband's actual earnings but on his earning capacity working part time and continuing as a fulltime college student, and should be reviewed de novo when the defendant husband is no longer a fulltime college student.
2. There is an arrearage due to the State of Connecticut in the amount of $3,206.00 for support of the minor child paid by the State. The defendant husband shall pay this arrearage to the State of Connecticut at the rate of $10.00 per week payable by way of an immediate wage withholding. This order should also be reviewed de novo when the defendant husband is no longer a fulltime college student.
4. The fee of Attorney Gary Traystman, the attorney for the minor child, in the amount of $1,300.00 shall be paid by the defendant husband. Said sum shall be paid in full within 90 days from the date hereof.
5. The defendant husband shall pay to the plaintiff wife the sum of $1,000.00 as a contribution towards her attorney's fees. Said sum shall be paid within 90 days from the date hereof.
6. The plaintiff wife shall continue to maintain the presently existing health insurance available to her through her employment for the benefit of the minor child. If such insurance is no longer available to the plaintiff wife through her employment and if health insurance is available to the defendant husband through his employment then he shall maintain such insurance for the benefit of the minor child. If neither party has health insurance available to them through their employment then they shall purchase Blue Cross and Blue Shield (or its equivalent) for the benefit of the minor child and shall share equally in the cost of such insurance.
In addition, all uninsured medical, dental, orthodontic, ophthalmic, psychological and psychiatric expenses incurred on behalf of the minor child shall be paid equally by the plaintiff wife and the defendant husband; provided, however, that except in the case of an emergency no such expenses for which the defendant husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84 (c) of the Connecticut General Statutes.
7. Neither party shall pay periodic alimony to the other. CT Page 1565
8. Except as expressly provided herein, each party shall be responsible for and shall indemnify and hold the other party harmless from any of the liabilities shown in their financial affidavits filed with this court on February 19, 1991.
9. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on February 19, 1991 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
FREDERICK A. FREEDMAN, JUDGE